UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL ASH,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________/

Case No. 1:25-cv-381

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 17). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presented a single challenge to the Commissioner's decision. Plaintiff argued that the Administrative Law Judge (ALJ) did not sufficiently analyze her mental limitations at Step Two and therefore concomitantly erred in relying on the limited analysis to support a Residual Functional Capacity (RFC) with no mental limitations. The Magistrate Judge rejected Plaintiff's argument. The Magistrate Judge determined that the ALJ thoroughly considered Plaintiff's alleged

mental limitations and that the ALJ's evidentiary path was clear, to wit: the ALJ found that (1) the evidence from the relevant period showed "generally unremarkable exam findings and minimal treatment"; (2) the opinions of the state agency psychological consultants were "not persuasive"; and (3) Plaintiff's own reported activities and abilities were "not fully consistent with disabling limitations" (R&R, ECF No. 16 at PageID.985–987). The Magistrate Judge concluded that the ALJ's RFC determination, which did not include any mental limitations, is supported by substantial evidence (*id.* at PageID.987).

Plaintiff poses two related objections to the Report and Recommendation. First, Plaintiff argues that the ALJ was required to perform a "function-by-function assessment" of her mental impairments and their effect on the RFC and that the Magistrate Judge erred in instead approving the ALJ's "truncated analysis," without engaging the "governing standard" articulated in *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (Objs., ECF No. 17 at PageID.992–997). Plaintiff contends that as in *Methvin v. Comm'r of Soc. Sec.*, No. 1:23-CV-878, 2024 WL 4689043 (W.D. Mich. Nov. 6, 2024), remand is required in this case (*id.*).

Plaintiff's objection lacks merit. Plaintiff complains that the Magistrate Judge did not reference the standard expressed by the Tenth Circuit in *Wells*, but the Magistrate Judge properly concluded, under binding Sixth Circuit authority, that the ALJ's decision adequately explains the omission of non-severe impairments from the RFC. As the Commissioner ably set forth in briefing, "[t]he point of conducting a more detailed assessment when determining RFC is to convert the mild, moderate, marked, or extreme ratings into specific work-related restrictions. But where, as here, the ALJ determines that an impairment imposes no work-related limitations, there is nothing further for the ALJ to assess with respect to RFC" (Def. Br., ECF No. 14 at PageID.957–961, referencing Social Security Ruling [SSR] 96-8p, 1996 WL 374184, and citing *Emard v.*

*Comm'r of Soc. Sec.*, 953 F.3d 844, 851–52 (6th Cir. 2020) (holding that the ALJ complied with requirement to view the plaintiff's impairments in combination in evaluating his DIB application even though the ALJ "did not specifically discuss the combined effect of [the plaintiff's] impairments or mention [his] non-severe impairments in assessing his residual functional capacity")). *See also Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025) (rejecting the plaintiff's argument that the ALJ inappropriately ignored her mild, non-severe mental impairments in formulating her residual functional capacity and determining that she could perform light work and relying on *Emard* to conclude that the ALJ "adequately accounted for [the plaintiff's] limitations in the residual functional capacity analysis"). Unlike the Magistrate Judge's decision in *Methvin*, where the ALJ's consideration of the plaintiff's non-severe impairments was "so cryptic" that the Magistrate Judge could not "trace the path of the ALJ's reasoning," *Methvin*, 2024 WL 4689043, at *5, the Magistrate Judge properly found that the path in this case was clear.

Second, Plaintiff argues that the Magistrate Judge failed to "confront the conflict between the state agency psychologists' findings that [her] mental impairments were severe and the ALJ's conclusion that those same impairments caused no functional limitations" (Objs., ECF No. 17 at PageID.989, 997–1000). This argument is similarly unavailing. As the Magistrate Judge related, the ALJ expressly determined that the state agency psychologists' findings were inconsistent with Plaintiff's minimal treatment and unremarkable mental status exams (R&R, ECF No. 16 at PageID.986). The Magistrate Judge further noted that while one of the state agency psychologists indicated that Plaintiff had a severe impairment of "Depressive, Bipolar and Related Disorders," the doctor also stated that "the available evidence is insufficient to fully address impairments" (*id.* at PageID.986, n.2). The Magistrate Judge noted that the other state agency psychologist, on reconsideration, made similar findings (*id.*). Again, under binding Sixth Circuit authority, the

Magistrate Judge sufficiently engaged with the record. Plaintiff's objection does not reveal error by the Magistrate Judge, only Plaintiff's disagreement with the result in this case.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated: August 12, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge